Case 1:25-cv-00021-JPJ-PMS   Document 1   Filed 04/16/25   Page 1 of 17
Pageid#: 1

CLERK'S OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
April 16, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| MARK MATNEY,<br>on Behalf of Himself and All<br>Others Similarly-Situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED COAL COMPANY LLC,<br>WELLMORE COAL COMPANY, LLC,<br>and WELLMORE ENERGY COMPANY, LLC,<br><br>    *Defendants.* | **CLASS ACTION AND**<br>**AND COLLECTIVE ACTION**<br><br>CASE NO. 1:25cv21<br><br>**JURY DEMANDED** |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Comes Plaintiff Mark Matney, by and through counsel, and, for his Complaint against Defendants United Coal Company LLC, Wellmore Energy Company, LLC, and Wellmore Coal Company, LLC, states as follows:

### I.    Summary of the Action

1. This action seeks unpaid wages, including overtime compensation, for Plaintiff and a class and collective composed of workers who, in one or more workweeks paid from March 28, 2023 to the present, were deprived of wages, including overtime compensation, by Defendants.

2. Defendants violated the Fair Labor Standards Act ("FLSA") and Kentucky Wages and Hours Act ("KWHA") with respect to Plaintiff and the similarly-situated employees by requiring (or at the very least permitting) employees to engage in "off-the-clock" work which was not paid. Specifically, employees performed pre-shift work prior to clocking in, including (i) donning protective clothing, (ii) gathering, calibrating and donning protective devices, including

devices required by the Mine Safety and Health Administration and (iii) gathering tools and supplies needed for the day's work. Similarly, at the end of employees' shifts, employees performed work after clocking out, including doffing (including placing on charge and storing for the next shift) protective clothing and equipment and tools.

3. A collective and class action lawsuit was previously filed against Defendants on September 7, 2021 in the United States District Court for the Eastern District of Tennessee, which asserted claims that Defendants deprived employees of wages by requiring and/or permitting them to work off the clock. See *Chapman v. United Coal Company, LLC, et al.*, United States District Court for the Eastern District of Tennessee, Case No. 2:21-cv-137. A copy of the Complaint in that action is attached hereto as Exhibit 1.

4. The *Chapman* complaint was ultimately settled on a Rule 23 basis, with the settlement ultimately resulting in payment to approximately 175 employees of Defendants who did not have arbitration agreements with Defendants,[1] including Plaintiff, and a release of the claims asserted in *Chapman* in favor of Defendants through March 28, 2023. A copy of the settlement agreement in *Chapman* is attached hereto as Exhibit 2, and the release section applicable to Plaintiff and similarly-situated employees is contained at Paragraph 6.1 of that agreement.

5. Despite agreeing to pay nearly $1.5 million to settle the claims of the Rule 23 class in *Chapman*, and continuing to operate the Wellmore mine in this District, Defendants did not change their policy of permitting, requiring and/or suffering employees to work off the clock.

---

[1] Persons with arbitration agreements were ultimately not included in the Rule 23 class, as certified, in the *Chapman* matter. Persons with arbitration agreements later sought to bring a collective and class action in this Court, asserting that they should not be compelled to arbitration under Section 1 of the Federal Arbitration Act because they were interstate transportation workers. See DN 1 in *Wolford v. United Coal Company, LLC et al*, No. 1:24-cv-28 in this Court. This Court rejected that argument and compelled those workers to arbitration. DN 52 in *Wolford*. This action does not challenge the ruling in *Wolford* regarding persons with arbitration agreements and instead seeks to proceed on behalf of persons who do **not** have arbitration agreements with Defendant.

6. Therefore, employees, including Plaintiff, continued to be shortchanged after March 28, 2023 by not being paid for all of the work they performed for Defendants.

7. Accordingly, this action seeks relief with respect to all wages which should have been, but were not, paid from March 28, 2023 until the filing of this Complaint. Further, to the extent Defendants continue to violate federal and/or state law by depriving workers of wages in any of the ways complained of herein during the pendency of this action, this action seeks relief with respect to all such violations through the time of the trial of this action.

## II.     Jurisdiction and Venue

8. This Court has jurisdiction over the claims of Plaintiff and those similarly situated pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

9. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") and Virginia state law because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants operate mines that are partly located within the District of this Court (the mines straddle the Kentucky-Virginia state border) and employed Plaintiff and the similarly-situated employees in those mines.

## PARTIES

11. Plaintiff is a resident and citizen of Virginia. Plaintiff's consents pursuant to 29 U.S.C. 216(b) to bring this action is attached hereto as Exhibit 3.

12.	Defendant Wellmore Energy Company, LLC is a Virginia for-profit limited liability company which has a principal place of business at 2112 N. Roan Street, Suite 500, Johnson City, TN 37601-2519, and may be served by service of process on its registered agent, Business Filings Incorporated, at 4701 Cox Road, Suite 285, Glen Allen, VA 23060.

13.	Defendant Wellmore Coal Company, LLC is a Virginia for-profit limited liability company which has a principal place of business at 2112 N. Roan Street, Suite 500, Johnson City, TN 37601-2519, and may be served by service of process on its registered agent, Business Filings Incorporated, at 4701 Cox Road, Suite 285, Glen Allen, VA 23060.

14.	Defendant United Coal Company LLC, is a Virginia for-profit limited liability company which has a principal place of business at 2112 N. Roan Street, Suite 500, Johnson City, TN 37601-2519, and may be served by service of process on its registered agent, Paul Konstanty, at 2112 N. Roan Street, Suite 500, Johnson City, TN 37601-2519.

15.	At all times relevant to this Complaint, each Defendant has had at least two employees.

16.	Each Defendant's annual sales have, at all relevant times to this Complaint, exceeded $500,000.00.

17.	Each Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203.

## FACTUAL ALLEGATIONS

18.	Defendants employed Plaintiff and the similarly-situated employees as coal miners to work at Defendants' coal mines located along the Kentucky/Virginia border in the three years preceding the filing of this action.

19.	Defendants classified Plaintiff and the similarly-situated employees as non-exempt under the FLSA; when Defendants would credit Plaintiff and the similarly-situated employees with

working more than forty hours in a workweek, they would acknowledge their liability to pay such Plaintiff one and one-half times such Plaintiff's base rate of pay for his work beyond forty hours in a workweek.

20. Defendants would require Plaintiff and similarly-situated employees to perform work off the clock before the employees would clock in prior to each day's shift.

21. For instance, Defendants would require Plaintiff and similarly-situated employees to don MSHA-required clothing and gather, verify the functionality of, and calibrate MSHA-required safety equipment, including but not limited to reflective clothing, steel toed boots, hard hats/helmet, a "spotter" device (a multi-gas detection device used to detect levels of harmful gases, including methane and carbon monoxide in the air surrounding the miner), a self-contained self-rescuer (a device which provided the employee with a personal supply of breathable air in the event of fire or explosion underground), and proximity detector (a device designed to detect through signals whether large equipment comes in proximity of the employee and if so automatically shut down the equipment so as to prevent the employee from being struck).

22. Only after Plaintiff donned all of this equipment and gathered the required safety devices would Plaintiff be permitted by Defendants to "clock-in"; Defendants did not pay Plaintiff and the similarly-situated employees for the time they worked prior to when they "clocked in" despite knowing that Plaintiff performed work prior to "clocking in."

23. After employees were done with their underground work, Defendant would require employees to clock out, but required employees to perform work thereafter, including doffing protective clothing and equipment, placing lights and protective devices on charge (or delivering them to others to charge), and storing tools, protective clothing, and protective equipment so that they will be available for the next working day's shift.

24. Plaintiff and the similarly-situated employees performed work in both Kentucky and Virginia; Defendants' mines crossed the state lines and involved Plaintiff and similarly-situated employees working in both Kentucky and Virginia in the same day, transporting themselves across state lines aboveground and underground during the day's work, and loading mined coal onto beltlines to be transported across state lines (generally from Kentucky to Virginia).

25. Defendant Wellmore Energy Company, LLC listed itself as Plaintiff's employer on Plaintiff's paystubs.

26. However, Defendants United Coal Company, LLC and Wellmore Coal Company, LLC also controlled Plaintiff's employment and were joint employers of Plaintiff with Defendant Wellmore Energy Company, LLC.

27. For example, attached hereto as Exhibit 4 is a Facebook page of (and maintained by) Defendant United Coal Company, LLC, in which Defendant United Coal Company, LLC solicited employees to work in the Wellmore mine (pages 2, 6 and 28 of Exhibit 4), displayed a picture of a sign relating to safety posted at the Wellmore mine with the logo of its own parent company (Metinvest) with the statement "it's in our blood – we breathe it, speak it, and work to achieve it day in and day out.  Safety is no accident" (Page 15 of Exhibit 4), and stated, referring to pictures of Wellmore employees, "Here at #WellmoreCoal, we're family"( Page 25 of Exhibit 4).

28. Further, attached hereto as Exhibit 5 is the "Career In UCC" section of the website of Defendant United Coal Company, LLC, in which it states that job applicants can apply for jobs with Wellmore Energy either by contacting United Coal Company, LLC directly, or by contacting Wellmore Energy.

29. Attached hereto as Exhibit 6 is the "Management" page of Defendant United Coal Company, LLC, which notes that United Coal Company, LLC's Vice President and General Counsel "is the chief legal officer and serves as Vice President of all corporate subsidiaries" and further notes that United Coal Company, LLC's Vice President of Operations "is responsible for all day-to-day activities associated with safe, compliant and efficient production.  This includes managing the production teams at all undergrounds mines…."

30. Indeed, not only did Defendants United Coal Company, LLC and Wellmore Coal Company, LLC control the employment of Plaintiff and the similarly-situated employees with their subsidiary, Wellmore Energy Company, LLC, but they were themselves controlled by their Ukraine-based parent company, Metinvest.

31. For example, attached hereto as Exhibits 7 and 8 are the "Apply for Job" and "Feedback" sections of Defendant United Coal Company, LLC's website.

32. Upon information and belief, these webpages were drafted by the Ukraine-based parent company in a non-English language utilizing the Cyrillic alphabet and given to United Coal Company, LLC with instructions that United Coal Company, LLC use them, but never fully translated into English, further illustrating that Metinvest controlled United Coal Company, which in turn controlled its subsidiaries, including Defendants Wellmore Coal Company, LLC and Wellmore Energy Company, LLC.

33. While Plaintiff has not sought to add the non-United-States-based Metinvest as a defendant at this time in order to expedite this litigation and avoid the procedural complications associated with pursuing claims against foreign entities, Plaintiff notes that Metinvest's control of the employment of employees of all subsidiaries through the intermediate parent/subsidiaries

makes those intermediate parent/subsidiaries joint employers of the employees along with the employing subsidiaries.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

34. Plaintiff brings this action under the FLSA on behalf of himself and all similarly-situated current and former employees of Defendants who worked as non-exempt employees for Defendants and were not fully-paid for their overtime work which Defendants should have paid within the last three years.

35. Stated another way, Plaintiff seeks to bring this action as a collective action under the FLSA against Defendants on behalf of the following persons:

> all current and former employees of Wellmore Energy Company, LLC and/or Wellmore Coal Company, LLC who were paid on an hourly basis for work in any underground mining position, and were not fully-paid in one or more weeks on or after March 28, 2023 for all overtime compensation due for such employee's work because such employee was required (or at least permitted) to perform "off-the-clock" work prior to or after their shift, but excluding employees who have an arbitration agreement with one or more of the Defendants.

36. The employment policies, practices and agreements of Defendants raise questions of fact common to the proposed collective group including:

    a. whether Defendant has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective group to work in excess of forty hours per workweek for the benefit of Defendant and without appropriate compensation, in violation of the FLSA;

    b. whether Defendant has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the proposed collective group, in violation of the FLSA;

    c. whether the conduct of Defendant was willful;

d. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

37. The claims of Plaintiff are similar to those of the members of the proposed collective group, in that Plaintiff has been subject to the same conduct as members of the proposed collective group and Plaintiff's claims are based on the same legal theory as members of the collective group.

38. The Collective members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

39. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

40. The similarly-situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendant uses.

41. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS RELATING TO DEFENDANTS' VIOLATION OF STATE LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23**

42. Plaintiff bring this action under the Kentucky Wages and Hours Act (and, or in the alternative, under Virginia common law and/or the Virginia Overtime Wages Act) on behalf of himself and all similarly-situated current and former employees of Defendants who worked for

Defendants and were not fully-paid for their work, including their overtime work for Defendant for which Defendant should have paid such employees since March 28, 2023.

43. Plaintiff bring Counts II through IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of himself and the following class:

> all current and former employees of Wellmore Energy Company, LLC and/or Wellmore Coal Company, LLC who were paid on an hourly basis for work in any underground mining position, and were not fully-paid in one or more weeks on or after March 28, 2023 for all overtime compensation due for such employee's work because such employee was required (or at least permitted) to perform "off-the-clock" work prior to or after their shift, but excluding employees who have an arbitration agreement with one or more of the Defendants.

44. Plaintiff is a member of the class he seeks to represent.

45. Defendant failed to pay Plaintiff and the members of the class he seeks to represent wages for work performed, as described herein, in violation of the KWHA.

46. Under the KWHA, employers are required to pay overtime compensation to non-exempt employees for overtime work performed by such employees.

47. As Plaintiff and the similarly-situated employees were non-exempt, Defendants' refusal to pay Plaintiff and Class Members overtime compensation for overtime hours worked violated the KWHA.

48. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

49. Upon information and belief, at the time Defendant identified class members in the *Chapman* matter (which was after March 28, 2023), it identified 36 employees who were current employees, as of March 28, 2023; these persons, and possibly others, are members of the proposed class in this matter as they continued to work after March 28, 2023 and continued to be subjected to Defendants' violations.

50. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including: (1) whether Defendant paid them overtime compensation for all overtime worked; and (2) whether Defendant failed to pay them the full amount of overtime compensation earned.

51. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendants' failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendants' common pay policies of not paying overtime pay, which Defendant applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

52. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

53. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

54. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

# COUNT I

## VIOLATION OF FLSA
## NONPAYMENT OF OVERTIME COMPENSATION

55.     Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

56.     Defendants are subject to the wage requirements of the FLSA because Defendants are each an "employer" under 29 U.S.C. § 203(d).

57.     During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

58.     The FLSA requires that every covered employee be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed.  See 29 U.S.C. § 207(a)(1).

59.     Defendants are not exempt from the requirements of the FLSA with respect to the employment of Plaintiff and the FLSA Collective.

60.     Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

61.     Defendants knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

62.     Defendants willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

    a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff and members of the proposed collective to work, from the first compensable act to the last compensable act;

    b. permitting and/or requiring Plaintiff and FLSA Collective to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant and without compensation at the applicable federal overtime rates;

    c. failing to pay employees for compensable time worked prior to "clocking in"; or after "clocking out" and

63. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II

### VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ*. BY NONPAYMENT OF WAGES.

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Plaintiff brings this claim on behalf of all members of the proposed Rule 23 Class.

66. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

67. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

68. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

69. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

70. Defendants are not exempt from providing Plaintiff and Class Members the KWHA's overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

71. Defendants have violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

72. In violating the KWHA, Defendants acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

73. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendants, because they failed to pay employees the required amount of wages and overtime at the statutory rate, should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

74. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

## COUNT III

### VIOLATION OF VIRGINIA COMMON LAW BY NONPAYMENT OF WAGES.

75. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. Defendants failed to pay earned wages in violation of Virginia common law.

77. Specifically, Defendants' failure to pay Plaintiff and the Rule 23 Class members wages for the full amount of compensable work they performed constituted violation of an express and/or implied-in-fact contract between employer and employee that employees would be paid hourly wages for all work performed.

78. Defendants' acceptance of the benefit of the work of Plaintiff and the Rule 23 Class members, while Defendant failed to pay Plaintiff and the Rule 23 Class members for all compensable work such employees performed, constitutes unjust enrichment; it would be unjust to not require Defendants to compensate Plaintiff and the other members of the proposed Rule 23 class for their work.

79. Plaintiff, individually and on behalf of the Rule 23 Class members, seeks the payment of wages for all hours worked, but for which Defendant did not pay wages, including time performing compensable work before being permitted to clock in and after being required to clock out.

80. Defendants' failure to pay for all hours worked caused Plaintiff and the Rule 23 Class to suffer loss of wages and interest thereon.

81. Plaintiff and the Rule 23 Class are entitled to all unpaid wages and pre-judgment interest for Defendants' violation of Virginia common law.

## COUNT IV

**VIOLATION OF VIRGINIA OVERTIME ACT BY NONPAYMENT OF OVERTIME**

82. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

83.     Defendants' failure to pay for the time worked by Plaintiff and the similarly-situated employees violated the Virginia Overtime Wage Act, Va. Code § 40.1-29 *et seq.*

84.     Plaintiff seek on behalf of themselves and all similarly-situated employees all relief available under the Virginia Overtime Wage Act, including unpaid overtime compensation, liquidated damages, and attorney's fees and other expenses of this litigation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the Court:

A.     Issue process and bring Defendant before the Court;

B.     Authorize notice to issue to members of the proposed collective action and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA;

C.     Certify a class of similarly-situated employees whose rights were violated by Defendant under state law, and grant relief available under applicable state law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class;

D.     Empanel a jury for the trial of all issues of fact;

E.     Enter a judgment awarding Plaintiff and the Classes damages in the amount of the unpaid overtime compensation, plus liquidated damages in a like amount, in amounts to be proven at trial;

F.     Award Plaintiff, the Classes and similarly-situated persons joining this litigation all costs of litigation, including expert fees and attorneys' fees;

G.     Grant Plaintiff, the Classes and similarly-situated persons joining this litigation such other further and/or general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/ Alexis I. Tahinci
Alexis I. Tahinci
Tahinci Law Firm, PLLC
105 Ford Avenue, Suite 3
Kingsport, TN 37663
(423) 406-1151
alexis@tahincilaw.com


Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
(motion for *pro hac vice* admission forthcoming)

John R. Kleinschmidt, III
The Law Office of John R. Kleinschmidt III, PLLC
P.O. Box 1746
Lexington, KY 40588
(859) 866-3097
John@EmploymentLawKY.com
(motion for *pro hac vice* admission forthcoming)


*Counsel for Plaintiff*