# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **MARK MATNEY, on Behalf of Himself and All Others Similarly Situated,** ) ) ) ) | |
| Plaintiff, ) ) | Case No. 1:25CV00021 |
| **v.** ) ) | **OPINION** |
| **UNITED COAL COMPANY, LLC, et al.,** ) ) ) ) | JUDGE JAMES P. JONES |
| Defendants. ) | |

*Mark N. Foster*, LAW OFFICE OF MARK N. FOSTER, PLLC, Madisonville, Kentucky, John R. Kleinschmidt, III, THE LAW OFFICES OF JOHN R. KLEINSCHMIDT, III, PLLC, Lexington, Kentucky, and Alexis I. Tahinci, TAHINCI LAW FIRM, PLLC, Kingsport, Tennessee, for Plaintiff; Joseph U. Leonoro and Peter J. Raupp, STEPTOE & JOHNSON PLLC, Charleston, West Virginia, for Defendants.

Plaintiff Mark Matney filed this hybrid collective and class action on behalf of himself and all others similarly situated alleging that the defendants failed to compensate employees for off-the-clock work in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Kentucky Wages and Hours Act (KWHA), Ky. Rev. Stat. Ann. § 337.275 *et seq*. Before this court is the plaintiff's Motion for Order Facilitating Notice to Similarly-Situated Employees Pursuant to 29 U.S.C. § 216(b) (Motion). For the reasons discussed below, I will

grant the Motion and instruct notice, as modified by this Opinion, to be sent to putative opt-in plaintiffs.

I.

Prior to the commencement of the present litigation, a hybrid collective and class action lawsuit was filed against the defendants, similarly asserting claims of wage deprivation for off-the-clock work. *Chapman v. United Coal Co.*, No. 2:21-CV-00137-CEA-CRW (E.D. Tenn.). The *Chapman* case settled on Rule 23 grounds and resulted in payment to employees who were not subject to an arbitration agreement with the defendants, including plaintiff Matney. The settlement also stipulated release of the claims asserted against the defendants through March 28, 2023.

On April 16, 2025, plaintiff Matney — who was employed by the defendants until December 2024 — filed the present lawsuit on behalf of himself and all similarly situated current and former non-exempt employees of the defendants. The plaintiff alleged that, since March 28, 2023, the defendants have not altered their policy of permitting or requiring employees to engage in off-the-clock work without proper compensation. On June 30, 2025, the plaintiff moved for conditional certification of all individuals similarly situated pursuant to Section 216(b) of the FLSA and requested court-authorized notice be issued to all putative opt-in members.

II.

Courts in the Fourth Circuit follow a two-stage approach to certification under the FLSA. *Mendoza v. Baird Drywall & Acoustic, Inc.*, No. 7:19-CV-882, 2021 WL 2435873, at *3 (W.D. Va. June 15, 2021). At the first stage, the court determines whether the plaintiffs have demonstrated that the putative opt-in members are "similarly situated" and that court-facilitated notice to the members would be appropriate. *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010). The standard for conditional certification is "fairly lenient" and requires only "minimal evidence," such as factual evidence asserted through affidavits. *Mendoza* at *3 (internal quotation marks and citation omitted). Further, the merits of the claims asserted are not relevant at this stage. *Spencer v. Macado's, Inc.*, No. 6:18-CV-00005, 2019 WL 4739691, at *2 (W.D. Va. Sept. 27, 2019). The court generally proceeds to the second stage if, after discovery, the defendant files a motion for decertification, at which point the court applies a heightened standard to the similarly situated analysis. *Id.*

Collective members have been found to be similarly situated when they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) (citation omitted). However, the "similarly

situated" requirement does not prohibit differences among collective members or individualized inquiries. *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2012 WL 4739534, at *11 (E.D. Va. Oct. 2, 2012).

Here, the plaintiff seeks conditional certification of a collective consisting of the following persons:

> [A]ll current and former employees of Wellmore Energy Company, LLC and/or Wellmore Coal Company, LLC who were paid on an hourly basis for work in any underground mining position, and were not fully-paid in one or more weeks on or after March 28, 2023 for all overtime compensation due for such employee's work because such employee was required (or at least permitted) to perform "off-the-clock" work prior to or after their shift, but excluding employees who have an arbitration agreement with one or more of the Defendants.

Compl. ¶ 35, Dkt. No. 1.

According to the plaintiff, all putative opt-in members worked for the defendants as coal miners, were subject to the same Mine Safety and Health Administration (MSHA) requirements and company policies, and were required to perform pre- and post-shift work because of those policies — including donning and doffing protective gear, calibrating safety equipment, and storing tools — without receiving proper compensation. Moreover, the defendants do not contest the conditional certification of the collective action. I find that the plaintiff has made a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," and that there is "some factual nexus connecting them to other potential plaintiffs as victims

of an unlawful policy." *Spencer*, 2019 WL 4739691, at *3 (citation omitted). I will grant conditional certification.

### III.

Although the defendants do not contest conditional certification, the parties disagree as to the method of notification to putative opt-in plaintiffs, whether notice should be posted in the workplace, whether reminder notices should be issued, and the length of the opt-in period.

As this court has previously held, notification through U.S. mail is both appropriate and sufficient. *Stacy v. Jennmar Corp. of Va., Inc.*, No. 1:21CV00015, 2021 WL 4787278 (W.D. Va. Oct. 14, 2021). For those reasons, I also find notice in the workplace to be unnecessary and duplicative. With respect to reminder notices, I agree with the defendants that issuing multiple notices may be impermissibly perceived as encouraging prospective plaintiffs to opt in. I therefore find that a reminder notice shall be limited to instances in which the plaintiff demonstrates to the court that the initial notice did not reach the intended individual. Lastly, the plaintiff has set forth no reasons as to why an extended opt-in period is warranted. I find that a 60-day opt-in period is sufficient.

IV.

For the reasons stated, the Motion for Order Facilitating Notice to Similarly-Situated Employees Pursuant to 29 U.S.C. § 216(b) (Motion for Conditional Certification), Dkt. No. 28, will be granted by separate order as modified herein.

ENTER: November 20, 2025

/s/ JAMES P. JONES
Senior United States District Judge