# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **MARK MATNEY, on Behalf of Himself and All Others Similarly Situated,** ) ) ) ) Plaintiff, ) ) **v.** ) ) ) ) **UNITED COAL COMPANY, LLC, et al.,** ) ) ) Defendants. ) | Case No. 1:25CV00021 **ORDER GRANTING CONDITIONAL CERTIFICATION** JUDGE JAMES P. JONES |

It is hereby **ORDERED** as follows:

1. For the reasons stated by the accompanying Opinion, the Motion for Order Facilitating Notice to Similarly-Situated Employees Pursuant to 29 U.S.C. § 216(b), Motion for Conditional Certification (hereafter "Motion"), Dtk. No. 28, is GRANTED as modified herein.

2. The conditionally certified collective action is defined as follows: all persons who were employed by any of the defendants as underground coal mine employees at the Wellmore mine, who were classified by the employer as non-exempt employees, who worked after March 28, 2023, and who do not have a fully executed arbitration agreement with one or more of the defendants.

3. The defendants shall provide to plaintiff's counsel by email, within fourteen (14) days of the entry of this Order, a spreadsheet in Microsoft Excel format containing the following information for each member of the collective: (a) last name, (b) first name, and (c) last known mailing address.

4. Within ten (10) days of the plaintiff's counsel's receipt of the information from the defendants, the plaintiff shall cause a Notice of Collective Action Lawsuit (hereafter "Notice") to be sent to each person listed by the defendants for whom a Consent to Join and Authorization to Represent form attached to the Motion as Exhibit 2 (hereafter "Consent Form"), Dkt. No. 28-2, has not been previously filed with the court. The Notice must include the addition of the language in Exhibit 3 to the Reply to Response to the Motion, Dkt. No. 31-3, as modified by this court's Opinion.

5. The Notice shall be sent by plaintiff's counsel by first class non-certified U.S. Postal Service mail to the last known mailing address.

6. The mailing containing the Notice shall also contain a copy of the Consent Form.

7. Plaintiff's counsel shall inform defendants' counsel by email within three (3) days of the mailing that the initial Notice was provided, together with the date inserted in the Notice as the date sixty (60) days after the sending of the Notice.

8. If the U.S. Postal Service returns a Notice to plaintiff's counsel indicating that the U.S. Postal Service cannot deliver the mailing, as addressed, the following shall occur in the following order:

(a) If the notation from the U.S. Postal Service indicates another address which may be used to send mail to the person in question, the plaintiff's counsel shall re-send the Notice to said address within three (3) days of receiving the mailing back from the U.S. Postal Service and shall inform defendants' counsel by email within three (3) days of such re-sending.

(b) If the U.S. Postal Service has not indicated another address which may be used to send mail to the person in question, plaintiff's counsel shall within three (3) days inform the defendants' counsel by email that the mailing has been returned. The defendants shall then review its information for the employee at issue and defendants' counsel shall then, within three (3) days of the plaintiff's email, notify plaintiff's counsel of any other mailing address the defendants have for the person in question or notify plaintiff's counsel that the contact information previously provided is the only contact information the defendants have for the person in question. Plaintiff's counsel shall, if the defendants identify one or more mailing addresses for the person in question, re-send the Notice to said new mailing address or addresses within three (3) days of receiving the new contact information

from the defendants and shall inform defendants' counsel by email within three (3) days of such re-sending.

   (c) If the defendants state that they have no other address for the person in question and the notification from the U.S. Postal Service does not include any other address which may be used to send mail to the person in question, plaintiff's counsel may, within ten (10) days of receiving such mailing back from the U.S. Postal Service, re-send the mailing to such additional address as the plaintiff is able to determine utilizing internet searching and/or person location information services, and shall inform defendants' counsel by email within three (3) days of such re-sending.

   (d) In the event that the initial mailing and any subsequent mailings are returned with respect to a particular person, counsel shall confer in good faith to determine whether there are other reasonable methods for plaintiff to provide the Notice to such person and, if so, utilize such methods. If the parties, after conferring, cannot agree on whether a particular method should be used, either party may file a motion relating to the disputed issue.

  9. Plaintiff's counsel shall file with the court all Consent Forms received from members of the conditionally certified collective action within five (5) days of receipt.

10.	For all persons who have apparently received but not returned the Consent Form forty-five (45) days after the initial Notice is sent, the plaintiff's counsel shall send another Notice to such person on the 45th day after the initial Notice is sent.  Such Notice shall be sent in the same manner as authorized above for the initial Notice and shall include the Consent Form.

        ENTER:  November 20, 2025

        /s/  JAMES P. JONES  
        Senior United States District Judge